**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 26-cv-00913-NYW-KAS

LALENDRA SAH KUMAR,

     Petitioner,

v.

TODD M. LYONS,
GEORGE VALDEZ, and
JUAN BALTAZAR,

     Respondents.

---

**ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge issued by the Honorable Kathryn A. Starnella on April 3, 2026. [Doc. 23]. Judge Starnella recommends that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"), [Doc. 1], which was filed pro se by Petitioner Lalendra Sah Kumar ("Petitioner"), be granted in part, *see* [Doc. 23 at 2, 10–11]. Respondents have filed timely written objections to the Recommendation. [Doc. 25].[1]

For the reasons discussed below, the Court **OVERRULES** Respondents' objections, **ADOPTS** the Recommendation, which is incorporated in this Order by

---

[1] On April 22, 2026, Petitioner filed a letter with the Court informing the Court that Respondents "fail[ed] to [fulfill]. . . the bond hearing [or] the release that [Judge Starnella] ordered." [Doc. 26 at 1]. Petitioner is advised, however, that Judge Starnella's Recommendation was a *recommendation* as to the appropriate disposition of the Petition. It was not a binding court order. Through this Order, this Court adopts Judge Starnella's Recommendation and orders that Respondents provide Petitioner with a bond hearing, as set forth below.

reference, and **GRANTS** the Petition **in part**.  *See* 28 U.S.C. § 636(b)(1)(b); Fed. R. Civ P. 72(b).

**BACKGROUND**

Petitioner is a federal immigration detainee, currently detained at the Aurora Detention Center in Aurora, Colorado.  Petitioner a citizen of Nepal who entered the United States on April 9, 2023, through the Arizona Border.  [Doc. 1 at 2].  He was apprehended by United States Border Patrol and sent to a detention center in Arizona.  [*Id.*].  According to Respondents, Petitioner was issued a Notice to Appear that charged him with being inadmissible as a noncitizen present in the United States without being admitted or paroled.  *See* [Doc. 20-1 at ¶ 8].  After three days, he was released on an Order of Release on Recognizance.  [*Id.* at ¶ 9].  Following his release, Petitioner obtained a social security number, an employment authorization card, and a driver's license.  *See* [Doc. 1 at 6–37].

On September 15, 2025, while he was working at a gas station in New Jersey, Petitioner was arrested by the local police.  [*Id.* at 2].  After five days in jail, he was released from New Jersey's custody but taken into ICE custody.  [*Id.*; Doc. 20-1 at ¶ 13].  ICE transferred him from New Jersey to Louisiana, then to Texas, and finally to the Aurora ICE detention center on September 30, 2025.  [Doc. 1 at 3].  Petitioner alleges that he has only had one hearing before an immigration judge since being detained in September 2025.  [*Id.*].  According to Petitioner, on October 20, 2025, at his one hearing, an immigration judge told him to find a lawyer.  [*Id.*].  Petitioner alleges that his next scheduled hearing was postponed four times.  [*Id.* at 3].  In his Petition, Petitioner

2

contends that his continued detainment without a hearing violates his due process rights. [*Id.* at 3].  He asks for a Court order directing his release.  [*Id.* at 5].

On March 11, 2026, the Court ordered Respondents to show cause why the Petition should not be granted.  [Doc. 9].  On March 19, 2026, Respondents filed a response to the show cause order, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), so he is not entailed to a bond hearing.  [Doc. 20]. Respondents also stated that Petitioner was scheduled for a hearing before an immigration judge on April 1, 2026.  [Doc. 20-1 at 3].  Judge Starnella then ordered Respondents to file a status report after the scheduled hearing.  [Doc. 21].  In response, on April 2, 2026, Respondents filed a status report indicating that Petitioner's hearing scheduled for April 1, 2026 had been rescheduled to April 16, 2026 due to "time constraints."  [Doc. 22 at 1].  Respondents have provided the Court no information as to whether this hearing proceeded as scheduled on April 16, 2026.

## LEGAL STANDARDS

### I.    Rule 72

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Such specific objections permit "the district judge

3

to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

## II.    Section 2241

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . .the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## III.    Pro Se Litigants

Petitioner is proceeding pro se. As such, the Court affords his filings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the [litigant] could prevail, it should do so despite the [litigant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That said, it is not this Court's function "to assume the role of advocate for the pro se litigant." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). Petitioner's pro se status does not exempt him from complying with the procedural and substantive rules that

4

govern all Parties. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

### I.  Magistrate Judge's Recommendation

In the Recommendation, Judge Starnella recommends that the Petition be granted in part. [Doc. 23]. Judge Starnella recognizes that Petitioner's "due process claim turns on whether Respondents detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing." [*Id.* at 4]. Judge Starnella then discusses the statutory framework of sections 1225 and 1226 of Title 8, which govern detention of noncitizens prior to a final order of removal. [*Id.* (*citing Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018))]. After discussing the differences between the statutes, Judge Starnella states the following:

> Respondents argue that § 1225(b)(2)(A) requires Petitioner's detention such that he is not entitled to a bond hearing. Resp. [#20] at 3–6. Courts in this District have previously addressed Respondents' statutory interpretation arguments in detail and, like the majority of courts across the country, have found them unpersuasive. *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *2–7 (D. Colo. Oct. 22, 2025) (interpreting the relevant provisions of §§ 1225 and 1226); *see also id.* at *5 ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'") (collecting cases).
>
> In *Loa Caballero*, the court reviewed a similar habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE. *See id.* at *1. Like Petitioner here, the Government did not provide the petitioner in *Loa Caballero* with a bond hearing because it asserted that § 1225 mandated his detention. *See id.* The court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country. *Id.* at *6. "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* Thus, noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission"

under § 1225(b)(2)(A). *Id.* (*quoting Lopez-Campos v. Raycraft*, 797 F.Supp. 3d 771,781 (E.D. Mich. 2025)).

The court also explained that interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at \*7. The court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225. *See id.* at \*5-8.

That Petitioner was detained upon entering the United States and released on his own recognizance does not change the Court's analysis. "Courts have recognized that release on recognizance constitutes a form of conditional parole from detention housed in the provisions of § 1226's discretionary detention." *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at \*5 (N.D. Ill. Oct. 24, 2025); *see also J.U. v. Maldonado*, 805 F. Supp. 3d 482, 493 (E.D.N.Y. 2025) (collecting cases); *Martinez v. Hyde*, 792 F. Supp. 3d 211, 215 (D. Mass. 2025) (noting that the respondents' contrary theory of the procedural history could not explain the petitioner's "release on recognizance because individuals detained following examination under section 1225 can only be paroled into the United States 'for urgent humanitarian reasons or significant public benefit.'") (quoting *Jennings*, 583 U.S. at 300). In addition, Petitioner's Notice to Appear charged Petitioner with being a noncitizen present in the United States without being admitted or paroled, not an arriving noncitizen. Resp'ts' Ex. A, Jackson Decl. [#20-1] at 2. The Government has consistently treated Petitioner as detained under § 1226(a) since the date he was first apprehended, and the Court joins others in this District in concluding that the Government may not now assert that he is subject to detention pursuant to § 1225(b)(2). *See Toro Rodriguez v. Baltazar*, No. 26-cv-01068-CNS, 2026 WL 820488, at \*2 (D. Colo. Mar. 25, 2026); *Marrero Yera v. Baltazar*, No. 26-cv-00476-SKC-SBP, 2026 WL 472014, at \*2 (D. Colo. Feb. 19, 2026); *Diallo v. Baltazar*, No. 25-cv-3548-SKC, 2026 WL 237296, at \*2 (D. Colo. Jan. 29, 2026).

Accordingly, consistent with the weight of authority in this District, the Court concludes that § 1225(b)(2)(A) does not authorize Petitioner's detention. Respondents do not offer any evidence of a criminal conviction that requires Petitioner's mandatory detention pursuant to § 1226(c). Nor do Respondents argue that the state law crimes with which Petitioner was allegedly charged in connection with the robbery incident fit within § 1226(c)'s mandatory detention scheme. Accordingly, the Court assumes the "default rule" of discretionary detention under § 1226(a) applies. *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at \*5, \*7. And because Respondents have not provided Petitioner the required bond hearing, Petitioner's continued detention without a bond hearing violates § 1226(a).

[*Id.* at 5–10 (footnote omitted)].

In addition to violating the federal statute, Judge Starnella also concluded that Petitioner's detention without a bond hearing violates his due process rights. [*Id.* at 10]. In deciding the appropriate remedy, Judge Starnella notes that § 1226(a) does not require release, but concludes that Petitioner is entitled to a bond hearing. Thus, she recommends the following:

> Respondents shall provide Petitioner a bond hearing no later than one week after the District Judge adjudicates this Recommendation and any objections thereto. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. If Respondents . . . do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

[*Id.*]. She further recommends that:

> [N]o later than **two weeks after the District Judge adjudicates this Recommendation and any objections thereto**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

[*Id.*].

## II.    Respondents' Objection

Respondents specifically object to the Recommendation's finding that 8 U.S.C. § 1226(a) governs Petitioner's detention. [Doc. 25 at 1]. According to Respondents, Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). [*Id.*]. They note that Petitioner was initially apprehended and detained in 2023, close to the border, almost immediately after he had crossed into the United States. [*Id.* at 5–6]. Thus, they argue that he qualifies as a noncitizen "seeking admission," and is subject to mandatory

detention under § 1225(b)(2).  [*Id.*].[2]  The Court is not convinced by this argument.

First, if Petitioner was detained under, and subject to mandatory detention pursuant to, § 1225(b), he would not have been released on his own recognizance in 2023.  Indeed, by the clear terms of § 1225(b), if Petitioner was detained under that statute, then his detention was "mandatory."

Instead, Petitioner was released on his own recognizance and allowed to establish a life in the United States for almost three years.  As Judge Starnella correctly noted, being released on recognizance is allowed under the provisions of § 1226's discretionary detention.  Further, as Judge Starnella noted, in the Notice to Appear sent to Petitioner, he was charged with being a noncitizen present in the United States without being admitted or paroled, not an arriving noncitizen.  [Doc. 23 at 7; Doc. 20-1 at ¶ 8].  The Government has consistently treated Petitioner as detained under § 1226(a) and, as Judge Starnella correctly states, Respondents may not now change their stance and assert that Petitioner is subject to mandatory detention pursuant to § 1225(b)(2).

Further, Respondents' attempt to distinguish Petitioner from the detainees in previous cases in this District based on the fact that Petitioner was initially apprehended near the border almost immediately after he crossed into the United States is unavailing. Respondents argue that "[s]everal other courts, including one in this district, have recognized the significance of [the] distinction" between "noncitizens seeking admission and *inspected while trying to enter the country*."  [Doc. 25 at 6].  In support of this argument, Respondents cite to a case from this district: *Mendoza Gutierrez v. Balaster*,

---

[2] Respondents do not object to Judge Starnella's Recommendation as to the applicable burden at the bond hearing.  *See* [Doc. 25].

No. 25-cv-02720-RMR, 2025 WL 2962908, at *6 (D. Colo. Oct. 17, 2025). However, Respondents' reliance on *Mendoza Gutierrez* to support their proposition is misplaced— if not purposefully misleading to the Court. In *Mendoza Gutierrez*, Judge Rodriguez stated the general rule that § 1225(b)(2) "only applies to noncitizens 'seeking admission' and inspected while trying to enter the country." 2025 WL 2962908, at *6. However, the rest of the sentence states that § 1225(b)(2) does not apply to "noncitizens who have lived in the United States continuously for over two years." *Id.* Further, Judge Rodriguez concluded that she "agree[d] with the reasoning of the courts that have done the hard work in analyzing the statutes and finding that 'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and uniform case law interpreting them, compels the conclusion that § 1225's provision for mandatory detention of noncitizens 'seeking admission' does not apply to someone like [Mr. Gutierrez], who has been residing in the United States for more than two years.'" *Id.* at *5 (citations omitted). Thus, while Respondents attempt to convince this Court that *Mendoza Gutierrez* supports their position, the opposite is true. Instead, like the other cases in this District, *Mendoza Gutierrez* determined that if a noncitizen is detained after residing in the United States for some time, they are not subject to mandatory detention of § 1225. *Id.* at *6.

Additionally, Respondents fail to acknowledge that the facts in this case are not materially different than those in another case in this District: *Kumar v. Baltazar*, No. 26-cv-00254-RMR, 2026 WL 642888 (D. Colo. Mar. 6, 2026). In that case, the petitioner was a citizen of India who entered the United States on or around September 6, 2023, and was arrested and placed in removal proceedings shortly after his arrival. *Id.* at *1. The same day, he was released on his own recognizance. *Id.* He was arrested more than

two years later, on or around December 30, 2025, for a traffic violation and was transferred to ICE custody. *Id.*

In *Kumar*, Judge Rodriguez noted that the petitioner had resided in the United States for over two years but was being held in civil immigration detention and denied the opportunity for a bond hearing based on the government's assertion that he was subject to mandatory detention under either 8 U.S.C. § 1225(b)(1) or § 1225(b)(2). *Id.* Nevertheless, Judge Rodriguez "once more join[ed] the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position" that the petitioner was detained under § 1225. *Id.* at *2. As other courts before had held, the court in *Kumar* determined that based on the plain language, legislative history, and past practices of applying § 1225 compared to § 1226, the mandatory detention provision in § 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for some time. *Id.*

On de novo review, the Court has determined that the Recommendation is correct, and Respondents have provided no reason for this Court to depart from the weight of authority in this District.

This Court continues to hold that detainees like Petitioner are detained under § 1226, not § 1225. *See Loa Caballero*, 2025 WL 2977650, at *5–7. Because he has not been provided a bond hearing, Petitioner's detention without a bond hearing violates his due process rights. *Salmeron v. Baltasar*, No. 26-cv-00846-NYW, 2026 WL 776111, at *4 (D. Colo. Mar. 19, 2026).

10

Accordingly, Respondents' objections are **OVERRULED**.  The Petition is **GRANTED** as to Petitioner's due process claim.  It is **ORDERED** that, on or before **May 18, 2026**, Respondents shall provide Petitioner a bond hearing under § 1226(a).  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  **<u>If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention.</u>**  On or before **May 26, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, it is **ORDERED** that:

(1)   Respondents' Objection to Recommendation of United States Magistrate Judge [Doc. 25] is **OVERRULED**;

(2)   The Recommendation of United States Magistrate Judge [Doc. 23] is **ADOPTED**;

(3)   The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(4)   Respondents shall provide Petitioner a bond hearing no later than **May 18, 2026**.  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued

11

detention is justified.  If Respondents to not do not provide Petitioner with a bond hearing, Petitioner must be immediately released from detention;

(5)    On or before **May 26, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

(6)    The Clerk of Court shall mail a copy of this Order to:

> Lalendra Sah Kumar
> #A246260942
> ICE Aurora Contract Detention Facility
> 3130 North Oakland Street
> Aurora, CO 80010

DATED:  May 11, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

12