**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-00913-NYW-KAS

LALENDRA SAH KUMAR,

      Petitioner,

v.

TODD M. LYONS,
GEORGE VALDEZ, and
JUAN BALTAZAR,

      Respondents.

---

## MINUTE ORDER

---

**Entered by Judge Nina Y. Wang**

This matter is before the Court on the Letter to Request Clarification Regarding the Final Judgment (the "Motion for Clarification") filed on June 8, 2026 by Petitioner Lalendra Sah Kumar ("Petitioner"). [Doc. 35].

Petitioner initiated this habeas action on March 5, 2026. [Doc. 1]. Petitioner is a federal immigration detainee, currently detained at the Aurora Detention Center in Aurora, Colorado. He alleged in his Petition that his detention was unlawful. [*Id.*]. Judge Starnella issued a Recommendation on April 3, 2026, recommending that the Petition be granted in part. [Doc. 23 at 2]. This Court adopted the Recommendation over Respondents' objections on May 11, 2026. [Doc. 29]. In so doing, this Court concluded that Petitioner's detention without a bond hearing violated his rights. [*Id.* at 10]. Accordingly, this Court ordered Respondents to provide Petitioner with the statutorily required bond hearing by May 18, 2026. [*Id.* at 11].

On May 26, 2026, Respondents filed a Status Report informing the Court that Petitioner was given a bond hearing before an immigration judge on May 21, 2026, but the immigration judge denied bond upon finding that Petitioner poses a danger to the community. [Doc. 30 at 1]. Based on this representation, the Court determined that it "lacks jurisdiction over any remaining live issues in this case," and because the Court had granted the Petition in part and Petitioner had "received the relief to which he is entitled," the Court denied Petitioner's remaining claims as moot. [Doc. 33]. The Clerk of Court entered final judgment, stating that "because the Court has granted Petitioner's statutory claim and Petitioner has received the relief to which he is entitled, . . . Petitioner's remaining claims are DENIED without prejudice as moot." [Doc. 34 at 1].

Petitioner now moves for clarification of the final judgment. [Doc. 35]. He states that he is "confused regarding the statement that says [he has] received the relief to which [he is] entitled." [*Id.* at 1]. He states that he "[does] not know if [the Court] just refers to the bond hearing, and [his] habeas corpus requesting to release from ICE custody was denied." [*Id.*]. He asks the Court to "clarify this matter." [*Id.*].

The Motion for Clarification is **GRANTED**, and the Court clarifies the final judgment as follows. In its Order adopting Judge Starnella's Recommendation, the Court concluded that Petitioner was entitled to a bond hearing under 8 U.S.C. § 1226. [Doc. 29 at 10–11]. It did not rule that Petitioner is entitled to immediate release from custody. Indeed, section 1226(a) "does not require release [from custody]—it provides DHS the discretion to grant" release on bond. *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025). The Court's order requiring Respondents to provide Petitioner a bond hearing was the entirety of the relief that Petitioner was entitled to under § 1226. Although the immigration judge ultimately denied bond, this Court is without jurisdiction to review that decision. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1178 n.12 (D. Colo. 2024) ("District courts lack jurisdiction to review an IJ's bond determination" (citing 8 U.S.C. § 1226(e))). Accordingly, the statement in the final judgment that Petitioner has been granted the relief to which he is entitled refers to the provision of a bond hearing under § 1226(a).

Accordingly, it is **ORDERED** that:

(1)     Petitioner's Letter to Request Clarification Regarding the Final Judgment, construed as a Motion for Clarification, [Doc. 35] is **GRANTED**;

(2)     The Court's final judgment is clarified as stated herein; and

(3)     The Clerk of Court shall mail a copy of this Minute Order to:

> Lalendra Sah Kumar
> #A246260942
> ICE Aurora Contract Detention Facility
> 3130 North Oakland Street
> Aurora, CO 80010

DATED: June 12, 2026